[No. 15355. Department One.—April 24, 1894.]

## WILLIAM CLARK, RESPONDENT, v. THE SVEA FIRE INSURANCE COMPANY, APPELLANT.

FIRE INSURANCE—TRANSFER OF PROPERTY—FRAUD UPON CREDITORS.— Where the property insured by a fire insurance company has been transferred by an assignment duly approved by the insurance company, the company cannot show, as a defense to an action upon the policy, that the property was transferred for the purpose of defrauding the creditors of the party originally insured.

ID.—LANDLORD AND TENANT—INSURANCE OF TRADE FIXTURES.—Where the trade fixtures of a tenant are insured by the company as fixtures, and the premiums therefor received by it, the insurance company cannot defend against the loss upon the ground that the fixtures were so attached to the building as to become the property of the landlord.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*T. C. Van Ness,* for Appellant.

*Edward P. Cole,* and *E. W. McGraw,* for Respondent.

GAROUTTE, J.—This is an action upon a policy of fire insurance, and defendant appeals upon a bill of exceptions from a judgment rendered against it.

1. It is insisted that the court erred in its rulings upon the admission of evidence as to the ownership of the property covered by the policy. The policy was issued to the Brown-Steele Packing Company upon a stock of meats, and also upon the office fixtures and furniture situated in the building used by plaintiff in the conduct of the business of storing meats, etc. Plaintiff's title to the property is derived by a bill of sale from the Brown-Steele Packing Company, and the policy was assigned to plaintiff at the time the bill of sale was made, and such assignment was duly approved by the defendant company. At the trial, defendant offered to show that the property was transferred to plaintiff for the purpose of defrauding the creditors of the Brown-Steele Packing Company, and that consequently the bill of sale carried no title. This line of evidence was rejected by the court, and we think most properly rejected. The subject matter covered by the evidence offered was of no concern to the defendant. The creditors of the plaintiff's vendor were the only parties injured by the transfer, and they only could complain. Defendant has cited no case to support his claims in this regard, and we know of none. The law all looks the other way.

2. It is claimed that the court erred in excluding evidence tending to show that certain fixtures were not within the protection of the policy. The burned premises were occupied by the plaintiff as a tenant, and appellant claimed that certain fixtures were so attached to the building as to become an integral part thereof, and hence the property of the landlord. This property was insured by the company as fixtures, and the premiums therefor

received by it. Appellant's position in this regard commends itself to the court as one deserving but little consideration. Aside from any question of estoppel, there is nothing in the point. The plaintiff was a tenant of the premises at the date of the fire, and these fixtures were trade fixtures placed in the building by himself. As against all the world, save the landlord, they were without doubt the property of the tenant. If the terms of the policy were not broad enough to cover them, and no claim was made by plaintiff for their loss, the whole matter was immaterial. If they came within the provisions of the policy and were insured as fixtures, then fixtures they are as far as the present litigation is concerned.

3. The amount of the damage suffered by plaintiff was fairly submitted to the jury under clear and unequivocal instructions of the court, and we are not prepared to say that the verdict is in excess of the damage proved.

There are a few other matters relied upon for a reversal of the cause, but they are of minor importance. We find no substantial merit in the appeal.

For the foregoing reasons, it is ordered that the judgment be affirmed.

Harrison, J., and Paterson, J., concurred.